UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATEISHA JOSEPH                                    CIVIL ACTION

VERSUS                                             NO. 17-11460

TACO BELL OF AMERICA, LLC                          SECTION "R" (5)

# ORDER AND REASONS

Before the Court is defendant Taco Bell of America, LLC's motion to dismiss.[1] For the following reasons, the Court grants the motion.

## I.  BACKGROUND

Plaintiff Lateisha Joseph was a general manager at a Taco Bell in Kenner, Louisiana, from March 2012 to August 2015.[2] In July 2015, she allegedly informed her supervisor, Paula Shoemaker, of her pregnancy, and requested certain accommodations.[3] Plaintiff asserts that on August 7, Shoemaker told her that she would need to take early leave, and that on August 18, Shoemaker gave plaintiff a thirty-day action plan.[4] On the next

---

[1]   R. Doc. 9.
[2]   R. Doc. 31 at 1 ¶¶ 5-6, 4 ¶ 48.
[3]   *Id.* at 2 ¶ 18.
[4]   *Id.* at 2 ¶ 24, 3 ¶¶ 29-32. Plaintiff's complaint does not describe the content of this action plan.

day, August 19, plaintiff's doctor allegedly placed her on permanent home rest.[5] Plaintiff has not returned to work since then. According to plaintiff, she inquired about her return date, but never heard back from defendant.[6]

Plaintiff alleges that she called a Taco Bell hotline to complain about Shoemaker's conduct on August 19, 2015.[7] Later, on November 12, 2015, she allegedly filed a charge of discrimination with the EEOC.[8] After receiving her right to sue letter, plaintiff filed this Title VII suit on October 29, 2017.[9] Defendant then moved to dismiss plaintiff's racial discrimination and retaliation claims.[10] Plaintiff amended her complaint on January 5, 2018, and again on February 28, 2018.[11]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff

---

[5] *Id.* at 4 ¶ 46.
[6] *Id.* ¶ 48.
[7] *Id.* ¶ 44.
[8] *Id.* ¶ 47.
[9] R. Doc. 1.
[10] R. Doc. 9.
[11] R. Docs. 16, 31.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

### A. Racial Discrimination

Defendant first moves to dismiss plaintiff's racial discrimination claim. Plaintiff clarifies in her opposition that she does not assert a claim of discrimination based on race,[12] and her amended complaint omits any mention of racial discrimination. Thus, even if plaintiff earlier asserted this claim, she has since abandoned it.

### B. Retaliation

Defendant next moves to dismiss plaintiff's retaliation claim. In order to state a retaliation claim, a plaintiff must allege "(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002).

Plaintiff fails to allege sufficient facts to plausibly infer an adverse employment action. The only adverse employment action that potentially could have resulted from plaintiff's protected activity relates to defendant's alleged failure to respond to her inquiries about returning to work.[13] If

---

[12] R. Doc. 14-1 at 2.
[13] While forcing an employee to take early maternity leave could constitute an adverse employment action, *see Stewart v. Miss. Transp.*

4

defendant actually terminated plaintiff while she was on leave, that would constitute an adverse employment action. *See EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425, 430 (5th Cir. 2013) (employer's termination of woman who was on maternity leave but desired to return to work constituted adverse employment action). But plaintiff does not allege that she was actually discharged, either formally or constructively. Nor does she allege to whom she inquired about returning to work, when she made the inquiries, and what she said. An employer's failure to respond to an inquiry, without more, is not a retaliatory act. Moreover, if plaintiff believed she was entitled and able to return to work, it is unclear why she did not do so and instead sought permission from defendant.

The Court grants plaintiff leave to amend her complaint. Because plaintiff has already amended her complaint twice, any further amendment must be limited to her retaliation claim.

---

*Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009), this action did not precede—and therefore could not have been caused by—plaintiff's alleged protected activities.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's retaliation claim is DISMISSED WITHOUT PREJUDICE, with leave to amend within 21 days.

New Orleans, Louisiana, this __6th__ day of March, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE