UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATEISHA JOSEPH                                    CIVIL ACTION

VERSUS                                                   NO. 17-11460

TACO BELL OF AMERICA, LLC                 SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendant Taco Bell of America, LLC's motion to dismiss.[1] For the following reasons, the Court denies the motion.

## I.     BACKGROUND

Plaintiff Lateisha Joseph was a general manager at a Taco Bell in Kenner, Louisiana, from March 2012 to August 2015.[2] In July 2015, she allegedly informed her supervisor, Paula Shoemaker, of her pregnancy, and requested certain accommodations.[3] On August 15, Shoemaker allegedly told plaintiff that plaintiff would need to take early leave.[4] On August 18, according to plaintiff, Shoemaker gave her a "thirty-day action plan," which set certain benchmarks for plaintiff's performance and threatened plaintiff

---

[1]     R. Doc. 36.
[2]     R. Doc. 35 at 1 ¶¶ 5-6, 4 ¶ 51.
[3]     *Id.* at 2 ¶ 21.
[4]     *Id.* at 3 ¶ 28.

with termination if she failed to meet those benchmarks.[5] On August 19, plaintiff allegedly called a Taco Bell employee hotline to complain about Shoemaker's conduct.[6] That same day, plaintiff asserts that she presented to defendant a doctor's note for permanent home rest.[7] Plaintiff's leave was unpaid, and she has not since returned to work.[8]

Plaintiff filed a charge of discrimination on November 12, 2015.[9] EEOC investigator Douglas Seamans handled plaintiff's charge.[10] Plaintiff alleges that defendant falsely accused her of performance issues in its February 2016 response to the EEOC charge.[11] According to plaintiff, Seamans sent defendant's counsel an email on May 4, 2016, indicating plaintiff's desire to return to work.[12] Plaintiff asserts that defendant never responded to this email.[13] In September 2016, plaintiff allegedly received notice from the Louisiana Workforce Commission indicating that defendant had refused to reinstate her because of lack of work.[14]

---

[5]     *Id.* ¶¶ 33-37.
[6]     *Id.* at 4 ¶ 48.
[7]     *Id.* ¶ 51.
[8]     *See id.* ¶ 53.
[9]     *Id.* ¶ 54.
[10]    *Id.* ¶ 55.
[11]    *Id.* at 5 ¶¶ 57-64, 8 ¶ 98.
[12]    *Id.* at 5 ¶ 65.
[13]    *Id.* ¶ 66.
[14]    *Id.* ¶¶ 68-69.

After receiving her right to sue letter, plaintiff filed this Title VII suit on October 29, 2017.[15] Plaintiff initially asserted claims for sex discrimination, racial discrimination, and retaliation. Plaintiff filed an amended complaint as of right on January 5, 2018,[16] and filed a second amended complaint on February 28.[17] On March 6, the Court granted defendant's motion to dismiss plaintiff's racial discrimination and retaliation claims, and gave plaintiff leave to amend her retaliation claim.[18] Plaintiff filed her third amended complaint on March 25.[19] Defendant now moves to dismiss plaintiff's retaliation claim under Federal Rule of Civil Procedure 12(b)(6).[20]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff

---

[15]    R. Doc. 1.
[16]    R. Doc. 16.
[17]    R. Doc. 31.
[18]    R. Doc. 32.
[19]    R. Doc. 35.
[20]    R. Doc. 36.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

Title VII makes it unlawful for an employer to discriminate against an employee who has opposed an employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). In order to state a retaliation claim, a plaintiff must allege "(1) that [she] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002).

Plaintiff has alleged all three elements of a retaliation claim. First, plaintiff alleges that she engaged in protected activity by lodging an internal complaint through the employee hotline on August 19, 2015, and by filing a charge of discrimination on November 12, 2015.[21] "An employee has engaged in protected activity when she has (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)).

---

[21] R. Doc. 35 at 4 ¶¶ 48, 54.

Plaintiff's filing of a charge of discrimination was per se protected activity. *See Evans v. City of Houston*, 246 F.3d 344, 352-53 (5th Cir. 2001). Internally complaining about an employment practice may constitute protected activity, so long as the complainant "reasonably believed the employment practice to be unlawful." *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016). Plaintiff allegedly complained via the employee hotline that her manager harassed her by forcing her to take early leave for her pregnancy. It is plausible to infer that plaintiff reasonably believed such conduct violates Title VII. *See, e.g., Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 966 (5th Cir. 2016) ("[F]or a pregnancy-based sex discrimination claim, an employer is liable for disparate treatment, which occurs when the employee's 'protected trait actually motivated' the employer to take the adverse employment action." (quoting *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015))); *Langley v. State Farm Fire & Cas. Co.*, 644 F.2d 1124, 1128 (5th Cir. 1981) (suggesting that a mandatory early maternity leave policy may violate Title VII).

Plaintiff suggests in her opposition to defendant's motion to dismiss that her July 2015 request for accommodation also qualifies as protected activity.[22] A request for accommodation of a disability may constitute

---

[22]     R. Doc. 37-1 at 2.

protected activity under the Americans with Disabilities Act (ADA). *See Tabatchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008). But a request for accommodation relates to an employment practice made unlawful by the ADA, not Title VII. *See* 42 U.S.C. § 2000e-3(a); *see also id.* § 2000e-2(a) (Title VII makes it unlawful to discriminate based on race, color, religion, sex, and national origin). Thus, unlike plaintiff's internal complaint and EEOC charge, her request for accommodation does not constitute protected activity.

Second, plaintiff alleges that she suffered an adverse employment action when defendant failed to reinstate her. An adverse employment action, for purposes of a retaliation claim, is "an action that 'a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). This includes a failure to hire—or rehire—an individual. *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 947 (5th Cir. 2015).

Plaintiff asserts that she requested reinstatement through her EEOC investigator, Douglas Seamans.²³ Seamans sent an email to defendant's counsel on May 4, 2016, seeking both reinstatement and back pay for plaintiff.²⁴ According to plaintiff, defendant never responded to this request.²⁵ Moreover, the notice plaintiff allegedly received from the Louisiana Workforce Commission on September 21, 2016, suggests that defendant considered, and rejected, plaintiff's reinstatement request.²⁶ Defendant's alleged failure to rehire plaintiff constitutes an adverse employment action. *See Porter*, 810 F.3d at 947; *see also EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425, 427, 430 (5th Cir. 2013) (employer's termination of woman who was on maternity leave but desired to return to work constituted adverse employment action).

Finally, plaintiff alleges a causal link between her protected activity and defendant's failure to rehire her. "A plaintiff alleging retaliation may satisfy the causal connection element by showing 'close timing between an employee's protected activity and an adverse action against him.'" *Feist v. La. Dep't of Justice*, 730 F.3d 450, 454 (5th Cir. 2013) (quoting *McCoy v.*

---

23      R. Doc. 35 at 5 ¶ 65.
24      *Id.*
25      *Id.* ¶ 66.
26      *Id.* ¶¶ 68-69.

*City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007)).  Other "indicia of causation" include "the employee's past disciplinary record" and "whether the employer followed its typical policy and procedures."  *Nowlin v. Resolution Tr. Corp.*, 33 F.3d 498, 508 (5th Cir. 1994); *see also Feist*, 730 F.3d at 454-55.

Here, plaintiff requested reinstatement nearly six months after she filed the EEOC charge, and nearly nine months after she lodged an internal complaint via the employee hotline.  This temporal proximity, standing alone, does not permit a plausible inference of causation.  *See, e.g., Raggs*, 278 F.3d at 471-72 (holding that five-month delay between protected activity and termination was insufficient to establish causation for prima facie case of retaliation); *see also Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" (citation omitted)).

Although temporal proximity does not suffice to raise a plausible inference of causation in this case, plaintiff points to other facts that also suggest causation.  *See Nowlin*, 33 F.3d at 508 (noting that causation

9

analysis in retaliation claim is "highly fact specific"). First, plaintiff alleges that the notice she received from the Louisiana Workforce Commission indicated that defendant refused to reinstate her because of lack of work.[27] According to plaintiff, defendant's failure to rehire her after she took leave was contrary to its usual policy. Plaintiff asserts that defendant usually assigns managers returning from leave to a high-volume location until a permanent position becomes available.[28] Defendant's alleged failure to follow its standard practice supports an inference of causation. *See id.* Second, plaintiff emphasizes her positive work performance, as evidenced by her annual bonuses.[29] This too supports causation because it undermines defendant's allegations of plaintiff's poor work performance in defendant's February 2016 response to the EEOC charge. *See id.* Together, these facts permit a plausible inference of causation.

---

[27]     *Id.*
[28]     *See id.* at 2 ¶¶ 12-13.
[29]     *Id.* at 6 ¶ 75.

## IV.    CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.


New Orleans, Louisiana, this __7th__ day of June, 2018.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE